[L. A. No. 1203. Department Two.—March 7, 1904.]

## LUCY J. HARVEY, Respondent, v. BOARD OF TRUSTEES OF WHITTIER STATE SCHOOL, Appellant.

LEASE—TRUSTEES OF WHITTIER STATE SCHOOL—USE OF PLURAL NUMBER —SCROLLS OPPOSITE NAMES.—A lease of land belonging to the Whittier State School is within the corporate power of its trustees; and they having no interest therein as individuals, a lease by them as constituting the board of trustees of the reform school

is not affected in its corporate character by the use of the plural number, nor by the improper use of scrolls as seals opposite the names of the trustees

APPEAL from a judgment of the Superior Court of Los Angeles County. Lucien Shaw, Judge.

The facts are stated in the opinion.

Tirey L. Ford, Attorney-General, U. S. Webb, Successor, and George A. Sturtevant, Deputy Attorney-General, for Appellant.

Anderson & Anderson, for Respondent.

SMITH, C.—The suit was brought to recover damages for breach of the defendant's covenant, in a lease from the plaintiff, to keep the leased premises in good order and condition. The plaintiff recovered judgment, and the defendant appeals. The only points made by the appellant are: 1, That the lease was not the contract of the defendant, but of the original trustees; or 2, if otherwise construed, that it was *ultra vires*.

The first point is answered by the terms of the lease. The land was leased, it is expressly covenanted, to be used by the defendant for its own appropriate purposes, in which the trustees as individuals had no interest, and "for no other"; and the lease was executed by "the parties of the second part" not as individuals, but "as constituting the board of trustees of the reform school," etc. The use of the plural in referring to the corporation is without significance. This is in accordance with a very common usage, by which corporations are spoken of either as plural or singular,—as, e. g. in the Civil Code, sections 465 (subds. 5, 8, 9, 11), 481, 482, 586; and, indeed, the same usage prevails with regard to collective names generally. Here by section 3 of the act "the trustees" are declared to "be a body corporate"; and they are referred to throughout the section and elsewhere in the act in the plural. The name given to the corporation in the act, or at least one of the names, is therefore like that of the United States, plural in form, and hence it may be spoken of with equal propriety either as plural or singular. The language

used in the lease in describing the party of the second part is therefore quite appropriate; nor is it less clear than if it had been described as "the board of trustees." Nor is the use of scrolls for seals opposite the names of trustees of any considerable significance. This was doubtless improper. But the circumstance is of too light a weight to overcome the plain and unmistakable intention of the parties, as shown by the circumstances of the case, and appositely expressed in the language used.

The second point is equally untenable. The powers conferred upon the trustees by section 3 of the act are of the most ample nature, and, we do not doubt, included the power to make the lease; which, indeed, was "necessary for the successful discharge of the duties devolved by law" on the trustees, and especially of the duty imposed on them by section 14 of the act.

We advise that the judgment be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed. Lorigan, J., McFarland, J., Henshaw, J.

Hearing in Bank denied.